UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
William Shankle,

     Petitioner.

   -against-

David Unger

     Respondent.
------------------------------------------------X

MEMORANDUM, JUDGMENT
& ORDER DENYING PETITION


09CV1902(SLT)

TOWNES, U.S.D.J.

  *Pro se* petitioner William Shankle, who was convicted in New York State Supreme

Court, Kings County, after a jury trial, of robbery in the second degree and received a sentence of

a prison term of twelve years followed by 5 years of supervised release, seeks a writ of *habeas*

*corpus* pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

## I.  Facts

  The People's evidence at trial would have permitted a reasonable juror to find as follows:

  On May 5, 2004, Rilio Pierre, an off-duty livery cab driver, was stopped at a red light in

Brooklyn, New York when Petitioner approached Pierre's cab, opened the door, and demanded

to be taken to another location in Brooklyn. (Trial Transcript ("Tr.") 31-33). Pierre refused, and

Petitioner opened the front passenger door, sat in the passenger seat, and displayed a silver gun.

(Tr. 34-39). Petitioner threatened Pierre, took twelve dollars from his pocket, then ordered Pierre

out of the car and drove away. (Tr. 34-39, 42). Pierre subsequently notified the police. (Tr. 43).

After a collision with a parked car nearby, Petitioner left Pierre's car and ran across the street into

a housing project. (Tr. 45). While on patrol, Police officers Daniel Callow and Derek Andreone

1

saw Petitioner running across the street. (Tr. 108, 201). Police Sergeant Robert Caban, riding in the same patrol vehicle, saw Petitioner in front of the housing project. (Tr. 235). Officer Andreone followed Petitioner, who pointed a silver gun at the officer and threatened to shoot. (Tr. 109). The police apprehended Petitioner and recovered a silver air pistol. (Tr. 117-18). Pierre identified Petitioner in a show up on the street nearby. The police recovered twelve dollars from the Petitioner. (Tr. 123).

At trial, defense counsel called Petitioner, the sole witness to testify for the defense. Mr. Shankle testified that he did not rob the complainant and that he was apprehended by police after making a purchase in a grocery store. (Tr. 279-80). He was struck by police and arrested. (Tr. 282-83). At that time, he had only three dollars and fifty cents in his possession and no silver air pistol. (Tr. 283).

**II. Procedural History**

Petitioner was charged, under Kings County Indictment No. 2889/04, with Robbery in the Second Degree (N.Y. Penal Law § 160.10[2][b]), Robbery in the Third Degree (N.Y. Penal Law § 160.05), Unauthorized Use of a Vehicle in the First Degree (N.Y. Penal Law § 165.08), Unauthorized Use of a Vehicle in the Third Degree (N.Y. Penal Law § 165.05[1]), Grand Larceny in the Fourth Degree (N.Y. Penal Law § 155.30[5], [8]), and Criminal Possession of a Weapon in the Fourth Degree (N.Y. Penal Law former § 265.01[1]). (Respondent's Exhibit ("Resp. Ex.") F).

Petitioner was initially represented by Gabrela Lukas, Esq., of the Legal Aid Society. (Resp. Ex. G). On May 10, 2004, Petitioner filed a complaint with the Civilian Complaint Review Board ("C.C.R.B.") alleging that he was injured by police officers during an incident

which occurred on May 5, 2004. (Resp. Ex. E). On May 11, 2004, after Rilio Pierre and Police Officer Derek Andreone testified in the grand jury, Petitioner waived immunity and also testified. During this testimony, Petitioner denied that he had a gun. On the same date, the grand jury voted to indict Petitioner on all of the charges presented at that time. On May 18, 2004, the prosecution presented to the same grand jury additional testimony of Police Officer Andreone that the gun recovered when Petitioner was arrested was a pellet gun, and the grand jury indicted Petitioner on the additional charge of Criminal Possession of a Weapon in the Fourth Degree. On June 24, 2004, Petitioner was arraigned on the indictment. (Resp. Ex. E).

By decision and Order dated September 22, 2004, the New York Supreme Court, Kings County, found that the evidence before the grand jury was legally sufficient to support Petitioner's indictment. However, the court ordered the deletion of the language relating to forcible stealing of a motor vehicle in the counts of the indictment charging second-degree and third-degree robbery, because the grand jury had not been charged and did not vote that Petitioner forcibly stole a motor vehicle from the complainant. (Resp. Ex. F).

In January 2005, David S. Jacobs, Esq. was assigned to represent Petitioner. On February 23, 2005, a *Wade-Mapp-Dunaway* hearing was conducted in Supreme Court, Kings County. Prior to the hearing, Assistant District Attorney Jeffrey Cohen provided to defense counsel a group of documents enumerated on a list dated February 22, 2005. Following the hearing, the court denied the motion to suppress the complainant's identification testimony and the money that was recovered from Petitioner following his arrest. (Resp. Ex. G).

On March 1, 2005, after a jury trial, Petitioner was found guilty of second-degree robbery, the only charge in the indictment submitted to the jury. (Tr. 361). On March 23, 2005, the court

sentenced Petitioner to a prison term of twelve years on the second-degree robbery conviction, to be followed by five years of post-release supervision. (Resp. Ex. G).

On September 29, 2006, Petitioner perfected his appeal in New York Supreme Court, Appellate Division, Second Judicial Department. In his brief, he raised four claims: (1) that the police violated his state and federal constitutional rights to be free from unreasonable searches and seizures by shouting "Police, don't move" and chasing him, and that the chase was not justified by his pointing a BB gun at the pursuing officer, which was a spontaneous reaction to the unlawful pursuit; (2) that the showup was unduly suggestive because it was conducted where the complainant's crashed car had been abandoned after the police showed the silver gun to complainant, who identified it as the gun used in the robbery; (3) that he was deprived of his due process right to a fair trial when the prosecutor elicited from a police officer testimony that bolstered the complainant's identification of him; and (4) that his sentence was excessive. (Resp. Ex. A).

On November 20, 2006, the People filed a responding brief in the Appellate Division, answering the claims in Petitioner's brief. (Resp. Ex. B). On February 20, 2007, by written decision and order, the Appellate Division rejected Petitioner's claims on appeal by unanimously affirming the judgment of conviction. *People v. Shankle*, 37 A.D.3d 742, 830 N.Y.S.2d 314 (2d Dep't 2007). The Appellate Division held that the conduct of the arresting officer before Petitioner pointed the BB gun at him did not constitute a pursuit or seizure requiring reasonable suspicion, and that, in any event, the officer's conduct was supported by reasonable suspicion. 37 A.D.3d at 743, 830 N.Y.S.2d at 316; (Docket No. 1 at 19). The Court further held that the claim of suggestiveness of the showup identification was unpreserved for appellate review. *Id.*

4

The Appellate Division also concluded that the bolstering claim was unpreserved for appellate review and, in any event, was harmless error. 37 A.D.3d at 743-44, 830 N.Y.S.2d at 316-17. Finally, the Appellate Division determined that Petitioner's sentence was not excessive. 37 A.D. 3d at 744, 830 N.Y.S.2d at 317. Petitioner's application for leave to appeal to the New York Court of Appeals was denied on June 18, 2007. *People v. Shankle*, 9 N.Y.3d 851, 840 N.Y.S.2d 777 (2007); (Docket No. 1 at 22).

On September 10, 2007, Petitioner moved in the Appellate Division for a writ of error *coram nobis*, arguing that his appellate counsel was ineffective for failing to raise the following issues on direct appeal: (1) that the prosecutor's summation comments on Petitioner's lawsuit and Civilian Complaint Review Board complaint amounted to prosecutorial misconduct; (2) that the court failed to give proper instructions to the jury; and (3) that his detention was illegal because the call to the police was anonymous and because the reported time of the robbery and the time that police approached him were the same. He further asserted that two of the claims raised by his appellate counsel were "frivolous" because, although the claims were "colorable," they were unpreserved for appellate review. (Resp. Ex. D).

By decision and order dated December 26, 2007, the Appellate Division denied Petitioner's motion for a writ of error *coram nobis*. *People v. Shankle*, 46 A.D. 3d 924, 847 N.Y.S. 2d 859 (2d Dep't 2007). Leave to appeal to the New York Court of Appeals was denied on May 19, 2008. *People v. Shankle*, 10 N.Y. 3d 870, 860 N.Y.S.2d 496 (2008). (Docket No. 1 at 28).

By papers dated September 10, 2008 Petitioner filed a motion in State Supreme Court pursuant to New York Criminal Procedure Law § 440.10 to vacate his judgment of conviction.

(Resp. Ex. E). He claimed that his judgment of conviction should be vacated because his trial counsel was ineffective for failing to request inspection of a second set of grand jury minutes, for failing to investigate an eyewitness who saw the police arrest him, for failing to request a missing witness charge, for failing to use discovery material to cross-examine witnesses and failing to present the 911 tape to the jury, for not objecting to the admission of testimony pertaining to the showup, for not obtaining *Rosario* material contained in police memo books, and for not obtaining *Brady* and *Rosario* material contained in the C.C.R.B. reports. (Resp. Ex. E)

Petitioner also argued that the prosecution withheld *Brady* and *Rosario* material in C.C.R.B. reports, and that a C.C.R.B. report identifying a witness named Alecia Lampley was newly discovered evidence that warranted vacatur of the judgment. Additionally, he argued that his sentence to a prison term of twelve years to be followed by five years of post-release supervision should be set aside pursuant to Criminal Procedure Law § 440.20 because his sentence was excessive. (Resp. Ex. E).

By decision and order dated January 5, 2009, the New York Supreme Court, Kings County, denied the motion. His application for leave to appeal to the Appellate Division from the January 5, 2009 Order was denied on March 11, 2009. (Resp. Ex. E).

By papers dated April 26, 2009, Petitioner filed a petition for a writ of *habeas corpus* in this Court. He claims that: (1) his trial counsel was ineffective because: the grand jury indictment was defective; his counsel failed to investigate and locate witnesses; there was an unduly suggestive showup; and police memo books were not turned over to the defense; (2) his appellate counsel was ineffective for failing to raise on appeal: that the police officers' approach to him was based on anonymous tips; that the prosecutor made inflammatory remarks on

6

summation; that the trial court failed to give further jury instructions; that double jeopardy barred

the introduction of evidence at trial relating to a motor vehicle when the robbery charge had been

dismissed; and that the prosecution had knowledge of perjurious testimony by the arresting

officer, who did not testify in the grand jury about finding a hat in Petitioner's pocket; (3) that the

state courts unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984) in denying

Petitioner's motion for a writ of error *coram nobis* and in denying Petitioner's motion to vacate

the judgment pursuant to New York Criminal Procedure Law § 440.10; and (4) that Petitioner

was denied due process and equal protection of the law in that there was a defective indictment;

evidence concerning the forcible theft of the car was improperly allowed, creating double

jeopardy, after the grand jury did not indict him for robbery of the car; the prosecution knowingly

presented the perjured testimony of the arresting officer; and there was an unduly suggestive

showup. (Docket No. 1).

## III.    Exhaustion

In the past, a state prisoner's federal habeas petition had to be dismissed if the prisoner

did not exhaust available state remedies as to any of his federal claims. *See Rose v. Lundy*, 455

U.S. 509, 522 (1989). "This exhaustion requirement is...grounded in principles of comity; in a

federal system, the States should have the first opportunity to address and correct alleged

violations of [a] state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731

(1991). The exhaustion requirement requires the petitioner to have presented to the state court

"both the factual and legal premises of the claim he asserts in federal court." *Daye v. Attorney*

*General*, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*).

A claim is not fairly presented in state court for purposes of exhaustion when it is

7

presented for the first time in an application for discretionary review, if discretionary review is denied. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *St. Helen v. Senkowski*, 374 F.3d 181 (2d Cir. 2004), cert. denied, 593 U.S. 1058 (2005).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may now, in its discretion, *deny* on the merits habeas petitions containing unexhausted claims - so-called "mixed petitions." *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of *habeas corpus* may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state."). In addition, the state may waive the exhaustion requirement, but a "State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." 18 U.S.C. § 2254(b)(3); *see also Ramos v. Keane*, No. 98 CIV. 1604, 2000 U.S. Dist LEXIS 101, at *10 (S.D.N.Y. 2000) (state's failure to raise exhaustion requirement does not waive the issue).

In ground two of his petition, Petitioner claims that his appellate counsel was ineffective for not raising on appeal a double jeopardy claim based on the admission at trial of evidence relating to the taking of the complainant's motor vehicle, despite a prior ruling of the state court that the jury did not vote to indict him for the forcible stealing of a motor vehicle. (Petition at 7e). However, Petitioner did not assert in his motion for a writ of error *coram nobis* the argument that his appellate counsel was ineffective for omitting such a claim. Petitioner asserted the omission of a double jeopardy claim as a ground for ineffective assistance of his appellate counsel for the first time in his application to the New York Court of Appeals for leave to appeal the denial of his *coram nobis* motion.

8

Similarly, in ground two of his petition, Petitioner argues that his appellate counsel was ineffective for not raising a claim that the prosecution knowingly elicited perjured testimony from the arresting officer, Officer Andreone, regarding the recovery of a hat from Petitioner. However, Petitioner first raised such a claim in state court in his application for leave to appeal to the New York Court of Appeals from the order of the Appellate Division denying his *coram nobis* motion.[1] This was an application for discretionary review that was denied. Therefore, the claims first presented in that application have not been exhausted. Petitioner still has a state remedy for these unexhausted claims and can raise them in a state motion for a writ of error *coram nobis*. Thus, this petition is a mixed petition, and Petitioner's claims cannot serve as a basis for granting federal habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

## IV.    Ineffective Assistance of Trial Counsel

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of *habeas corpus* to a state prisoner on a claim that was "adjudicated on the merits in state court only if it concludes that the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

An "adjudication on the merits" is a "substantive, rather than a procedural, resolution of a federal claim." *Sellan v. Kuhlman*, 261 F.3d 303, 313 (2d Cir. 2001) (quoting *Aycox v. Lytle*,

---

[1]The Court notes that Petitioner mentioned Officer Andreone's testimony about the hat in his state *coram nobis* motion (Resp. Ex. D at 7), but did not raise a perjury claim about such testimony in that motion.

196 F.3d 1174, 1178 (10th Cir. 1999)). Under the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than this Court on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring and writing for the majority in this part). Under the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Under this standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applies clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. In order to grant the writ there must be "some increment of incorrectness beyond error," although "the increment need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Francis S. v. Stone*, 221 F.3d 100, 111 (2d. Cir. 2000) (internal quotation marks omitted).

"[F]ederal law, as determined by the Supreme Court, may as much be a generalized standard that must be followed, as a bright-line rule designed to effectuate such a standard in a particular context." *Overton v. Newton*, 295 F.3d 270, 278 (2d Cir. 2002); *see also Yung v. Walker*, No. 01-2299, 2002 U.S. App. LEXIS 28137 (2d Cir. Aug. 1, 2003) (amended opinion) (district court's habeas decision that relied on precedent from the Court of Appeals is remanded for reconsideration in light of "the more general teachings" of Supreme Court decisions). The Court of Appeals for the Second Circuit has also indicated that habeas relief may be granted if a

10

state court's decision was contrary to or an unreasonable application of "a reasonable extension" of Supreme Court jurisprudence. *Torres v. Berbary*, No. 02-2463, 2003 U.S. App. LEXIS 16167, at *25 (2d Cir. Aug. 7, 2003). Determination of factual issues made by a state court "shall be presumed to be correct," and the applicant "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court stated that a defendant is entitled to "reasonably effective assistance" of counsel, which in light of all of the circumstances, does not fall "outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984). Counsel is "strongly presumed" to have rendered effective assistance to his client. *Id.* at 690. Under *Strickland*, a defendant must demonstrate that he was prejudiced by the performance of his counsel. *Strickland*, 466 U.S. at 692, 694; *Mickens v. Taylor*, 535 U.S. 162, 166 (2002). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694.

"The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Furthermore, a defendant "must do more than show that he would have satisfied *Strickland's* test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state court decision applied *Strickland* incorrectly." *Bell v. Cone*, 535 U.S. 685, 689-99 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 411 (2000)). A defendant must show that the state court "applied

11

*Strickland* to the facts of his case in an objectively unreasonable manner." *Bell*, 595 U.S. at 699.

Whether a state court's decision was unreasonable "must be assessed in light of the record the court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004).

In the instant case, Petitioner raised a claim of ineffective assistance of trial counsel in his state court motion to vacate the judgment pursuant to New York Criminal Procedure Law § 440.10. The state court rejected his claim of ineffective assistance of trial counsel in an order dated January 5, 2009. (Resp. Ex E). The state court's rejection of Petitioner's claim of ineffective assistance of trial counsel was an adjudication on the merits within the meaning of the federal habeas statute as amended by AEDPA. *Jimenez v. Walker*, 458 F.3d 130, 146 (2d Cir. 2006), cert. denied, 5549 U.S. 1133 (2007); *Brown v. Artuz*, 283 F.3d 492, 498 (2d Cir. 2002).

To the extent that Petitioner based his claim of ineffective assistance of trial counsel in state court on his New York right to counsel, which is broader than his federal constitutional right to counsel, he now presents no cognizable federal question for review. (Resp. Ex. E (Affidavit in Support of Motion to Vacate Judgement at 7)); *see People v. Bing*, 76 N.Y.2d 331, 338-39 (1990); *Key v. Artuz*, 2002 WL 31102627 at *8 (E.D.N.Y. 2002).

To the extent that his claim was based on federal law, the state court's rejection of the claim of ineffective assistance of trial counsel was not contrary to, and did not involve an unreasonable application of, Supreme Court precedent. Petitioner's trial counsel, David Jacobs, Esq., thoroughly cross-examined Officer Derek Andreone, the sole witness, at the *Dunaway-Wade-Mapp* hearing, and he made several arguments regarding the officer's credibility at the end of the hearing. (Suppression hearing transcript ("Supp. Tr.") 52-55). During the trial, defense counsel gave an opening statement, made relevant objections, and vigorously cross-examined the

12

government's witnesses. In his summation, defense counsel also argued that the medical records showed that Petitioner had received his injuries from mistreatment by the police, that the showup of Petitioner at the scene of the crash was suggestive, that there was no fingerprint evidence, that the timing of the 911 call and police testimony conflicted, and that the police were not credible. (Tr. 311-19, 321, 324).

Petitioner also claims that his counsel was ineffective for not challenging the indictment on the ground that the case was presented to a second grand jury without permission. However, this argument fails because the record shows that the case was presented to a single grand jury. The same grand jury that voted to indict Petitioner on May 11, 2004 also voted to indict him on May 18, 2004 on an additional charge after additional evidence was presented. This procedure did not require court permission under New York law and does not present grounds for the indictment to be dismissed. *See People v. Cade*, 74 N.Y.2d 410, 414-15 (1989) (finding that a court order was not necessary for resubmission to the grand jury unless there was an initial refusal to indict or a prior court dismissal of the indictment). The case was never withdrawn from the grand jury after the May 11, 2004 indictment. Thus, the Appellate Division reasonably rejected Petitioner's claim that defense counsel was ineffective for not challenging the indictment on this ground or requesting further inspection.

Likewise, Petitioner's claim that his counsel was ineffective for failing to investigate an eyewitness who allegedly saw the police apprehending and arresting him (Petitioner's petition at 7b) fails, as the state court's rejection of this claim did not involve an unreasonable application of Supreme Court precedent. Petitioner never submitted to the state court an affidavit of the caller or any other potential witness showing what the relevant testimony of the witness would have

13

been or how it would have benefitted him. The Petitioner is, therefore, unable to satisfy *Strickland's* second prong that he "affirmatively prove prejudice," defined as "a reasonable probability that but for counsel's professional errors the result of the proceeding would have been different." *Strickland*, 466 U.S. at 693, 694. Without an affidavit, the Court is left to speculate about what, if anything, the witness observed. Moreover, there was no evidence that any omission of Petitioner's attorney with respect to the 911 caller who observed Petitioner's apprehension prejudiced him. Thus, it was not contrary to or an unreasonable application of Supreme Court precedent for the state court to reject Petitioner's claim.

The state court also reasonably rejected Petitioner's claim that his trial attorney was ineffective for not objecting to the admission of the showup. (Petition at 7c). As an initial matter, the Court notes that a motion to suppress is an objection to the admission of the showup. At the hearing, counsel cross-examined Officer Andreone vigorously on this issue and argued that the showup should be suppressed. (Supp. Tr. 20-21, 27-28, 40-47, 51-55). The showup identification was ruled admissible because it was conducted within a few blocks of the carjacking and within five minutes of Petitioner's apprehension. (Supp. Tr. 62-63); *see United States v. Bautista*, 23 F.3d 726, 730 (2d Cir. 1994) (prompt, on-the-scene showup identification of suspect was not unnecessarily suggestive, although suspects were handcuffed, in custody of law enforcement, and illuminated by flashlights); *Brisco v. Ercole*, 565 F.3d 80, 90-91 (2d Cir. 2009) (state court did not unreasonably deny challenge to admission of complainant's identification, where complainant viewed Petitioner in showup in front of burglarized home, holding maroon shorts that complainant had described to the police).

Petitioner also makes a claim in his petition that his trial counsel was ineffective for

14

failing to use discovery materials for cross-examination. (Petition at 7b-c). This claim fails, however, because it is contradicted by the record. Defense counsel cross-examined Officer Andreone and elicited several references to police records. (Tr. 147, 152, 181, 184, 187, 195). Additionally, he counsel questioned Officers Andreone and Callow about the Civilian Complaint Review Board ("C.C.R.B.") proceedings. (Tr. 189-90, 224-5). He questioned Officer Callow and inquired whether he had reviewed the 911 call transcript and later transmissions. (Tr. 217-18, 225). Counsel further questioned Sergeant Caban regarding his memo book entries. (Tr. 246).

Petitioner further suggested in his petition that his counsel was ineffective for not presenting the 911 tape or records of police radio transmissions as evidence at trial. (Petition at 7b-c). However, this argument lacks merit as Petitioner has failed to show that such out-of-court statements were not hearsay and were admissible at trial. Defense counsel is not ineffective for failing to take a futile endeavor. *See Knowles v. Mirzayance*, 129 S. Ct. 1411, 1421 (2009) (defense counsel was not ineffective for not pursuing defense that counsel reasonably concluded was almost certain to lose).

The state court also reasonably rejected Petitioner's claim that his trial counsel failed to obtain *Rosario* and *Brady* material, consisting of memo book entries for the police officers who testified at trial (Petition at 7c). First, this Court notes that "failure to turn over *Rosario* material is not a basis for habeas relief as the *Rosario* rule is purely one of state law." *Green v. Artuz*, 990 F. Supp. 267, 274 (S.D.N.Y. 1998)). Second, a *Rosario* violation "does not constitute per se ineffective assistance of counsel." *Colson v. Mitchell*, 798 F. Supp. 966, 973 (E.D.N.Y. 1992) (citing *Rosario*, 213 N.Y.S. 2d 448, 451 (Ct. App. 1961)). Rather, the standard for deciding

15

whether habeas relief must be granted is whether the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993). Additionally, to succeed on a *Brady* claim, petitioner must show that show that "had the evidence been disclosed to the defense, the result of the proceeding would have been different." *See U.S. v. Bagley*, 473 U.S. 667, 682 (1985).

The memo book entries for Officers Andreone and Callow were provided to the defense in open file discovery on August 9, 2004. *See* Minutes of August 9, 2004 (People's Exhibit I, Resp. Ex. E); Affirmation of A.D.A. Jeffrey Cohen, dated August 5, 2004 (People's Ex. II, Resp. Ex. E). The memo book entries for Sergeant Caban were provided to the defense in the *Rosario* packet dated February 22, 2005. (People's Ex. X (included in Respondent's Ex. E). Petitioner has failed to demonstrate that there was any omitted *Rosario* or *Brady* material that prejudiced him. *Colson v. Mitchell*, 798 F. Supp. 966, 972-73 (E.D.N.Y. 1992). Thus, the state court reasonably rejected Petitioner's claim that his trial counsel failed to obtain *Rosario* or *Brady* material.

Moreover, there existed overwhelming evidence of the Petitioner's guilt. The complainant testified that he saw Petitioner's face at close range, and he identified him in a showup and in the court room. The identification was corroborated by police testimony that Petitioner pointed what appeared to be a silver handgun at the police, and that they recovered a silver air pistol where Petitioner threw it. None of the omissions complained of by Petitioner would have had an effect on the outcome of the proceeding, thus, the state court's rejection of his claim of ineffective assistance of trial counsel did not involve an unreasonable application of Supreme Court precedent. *See Strickland*, 466 U.S. at 694. Therefore, Petitioner's claim of

16

ineffective assistance of trial counsel is without merit.

## V.    Ineffective Assistance of Appellate Counsel

Petitioner's assertion in ground two of his petition that he received ineffective assistance of counsel on his direct appeal is based in part on grounds that are unexhausted because Petitioner did not present them in his state court motion for a writ of error *coram nobis*, as noted above. Petitioner's remaining assertions that his appellate counsel was ineffective for not raising on direct appeal claims that Petitioner was unjustifiably detained based on an anonymous 911 call, that the prosecutor's summation remarks were inflammatory, and that the trial court's jury instructions were defective do not warrant federal habeas relief.

The Appellate Division expressly rejected the claim of ineffective assistance of appellate counsel raised in Petitioner's motion for a writ of error *coram nobis*. This rejection was an adjudication on the merits within the meaning of the federal habeas statute as amended by AEDPA. *See Jimenez v. Walker*, 458 F.3d 130, 146 (2d Cir. 2006). In ruling on Petitioner's motion, the Appellate Division expressly stated that Petitioner had failed to establish that he was denied the effective assistance of appellate counsel. Therefore, the deferential standard of 28 U.S.C. § 2254(d)(1) applies. *Sellan v. Kuhlman*, 261 F.3d 303, 314 (2d Cir. 2001) (finding that petitioner's claim of ineffective assistance of counsel was adjudicated on the merits where there was no basis for believing that the Appellate Division rejected the claim on non-substantive grounds).

Petitioner must show that the Appellate Division's rejection of Petitioner's ineffective assistance of appellate counsel claim was contrary to, and involved an unreasonable application of federal law as determined by Supreme Court precedent. *See U.S.C.* § 2254(d)(1); *Clark v.*

17

*Stinson*, 214 F.3d 315, 321 (2d Cir. 2000) (rejecting state prisoner's habeas claim of ineffective assistance of appellate counsel), cert. denied, 531 U.S. 1116 (2001).

The right to effective assistance of counsel extends to a defendant's direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). It is important that appellate counsel undertakes a thorough review of the record and selects the most promising issues for review. *Jones v. Barnes*, 463 U.S. 745, 752 (1983). Appellate counsel is not required to raise every available argument, regardless of merit. *Evitts,* 469 U.S. at 394.

Like establishing a claim for ineffective assistance of trial counsel, establishing a claim for ineffective assistance of appellate counsel requires that a defendant show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that the outcome of the proceeding would have been different but for counsel's alleged error. *See Abdurrahman v. Henderson*, 897, F.2d 71, 74 (2d Cir. 1990) (the *Strickland* test is applicable to claims of ineffective assistance of appellate counsel). To satisfy the *Strickland* test, it is not sufficient for a habeas petitioner to show that appellate counsel merely omitted a nonfrivolous argument, for counsel does not have a duty to advance every nonfrivolous argument that could be made. *See Clark v. Stinson*, 214 F.3d at 322. Rather, the petitioner must show that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker. *Id. (citing Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994)).

In the instant case, Petitioner fails to show that the Appellate Division unreasonably rejected his claim that the performance of his counsel on appeal was ineffective. Petitioner's counsel, Paul Skip Laisure, Esq., prepared on Petitioner's behalf an appellate brief raising the following four claims: 1) challenging the pursuit and arrest of Petitioner; 2) asserting that the

18

lineup was unduly suggestive; 3) challenging bolstering testimony by a police officer; and 4) challenging Petitioner's sentence. (Resp. Ex. A). Counsel's brief was competent and his claims were presented with citations to the record and case law. Petitioner fails to show that in rejecting his claim of ineffective assistance of appellate counsel, the state court unreasonably applied Supreme Court precedent. *See Knowles v. Mirzayance*, 129 S. Ct. at 1419-20 (reversing grant of habeas relief on an ineffective assistance of counsel claim, finding it was not unreasonable for state court to conclude that defense counsel's performance was not deficient when he counseled a state prisoner to abandon a claim that had almost no chance of success).

In ground two of his petition, Petitioner claims that his appellate counsel was deficient for failing to argue that there was no justification for his detention because the police had received an anonymous 911 call describing a man shot, and he was approached by police three blocks from the scene at the same time as the time of the complainant's reported robbery. (Petition at 7d). This claim would not have been successful on appeal and does not show that appellate counsel was ineffective.

Appellate counsel argued that the officer who chased Petitioner heard a radio report of a man shot. (Resp. Ex. A at 16), however there was no hearing testimony to support Petitioner's contention that the call made to police was actually anonymous. Moreover, Officer Andreone testified that the complainant had called 911. (Tr. 17-18). Additionally, arguing that the 911 call was anonymous would not have changed Petitioner's suppression claim. Appellate counsel emphasized the lack of information in the radio report initially received by the officers, and emphasizing that the 911 call was anonymous would have added little to this appeal.

Similarly, Petitioner's argument that the time police were approaching him was the same

time as the reported incident fails to show that the result of his suppression claim would have been different. Officer Andreone testified that the reported time of the incident, indicated as 9:45 on the complaint report that he did not prepare, was only approximate. (Tr. 48-50). Thus, there was no substantive basis for appellate counsel to argue that Petitioner had been detained before the carjacking took place.

Petitioner's claim that his appellate counsel was ineffective for failing to raise a claim on appeal that the prosecutor made improper comments on summation about his having initiated a lawsuit and filed a claim with the Civilian Complaint Review Board was reasonably rejected by the Appellate Decision, as the claim would not have succeeded on appeal. First, the propriety of the prosecutor's comments during summation must be considered in the light of the evidence presented and the comments of defense counsel on summation. *See U.S. v. Friedman*, 909 F.2d 705, 690 (2d Cir. 1990) (prosecutor's remarks must be considered in the context of the trial). In cross-examining Officer Andreone at trial, defense counsel elicited that a C.C.R.B. complaint brought by Petitioner was pending against Officers Andreone and Callow and Sergeant Caban relating to his arrest. (Tr. 189-90). On summation, defense counsel conceded that Petitioner "is of course, keenly interested in the outcome of this case. There's no person in this courtroom more affected by your verdict than Mr. Shankle." (Tr. 309). Defense counsel further argued that the police officers who testified "are also interested in the outcome of this case because we have complaints currently pending against them and unresolved about the excessive. . .force they used." (Tr. 310). "Be assured that your verdict here will not influence the C.C.R.B. in their outcome." (Tr. 310).

The prosecutor's comments reminding the jury that Petitioner had filed a lawsuit and a

complaint and that this was Petitioner's "money ticket" and "his lottery ticket to cash in" were no doubt improper, however, the Supreme Court has noted that "it 'is not enough that the prosecutors' remarks were undesirable or even universally condemned.'" *Darden v. Wainwright*, 477 U.S. 168, 182 (1986) (citing *Darden v. Wainwright*, 699 F.2d 1031, 1036 (11th Cir. 1983). Instead, "[t]he relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (citing *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). In this case, the prosecutor's remarks were based on the evidence at trial and were responsive to arguments raised by defense counsel on summation. *See Darden v. Wainwright*, 477 U.S. 168, 182 (1986) (finding that prosecutor's inappropriate closing did not deprive petitioner of fair trial where they did not manipulate or misstate evidence and part of the objectionable content was invited by or was responsive to the defense's summation).

Moreover, in light of the overwhelming evidence of Petitioner's guilt, even if the prosecutor had erred in his comments, that error would have been deemed harmless on appeal. *U.S. v. Young*, 470 U.S. 1, 12 (1985) (inappropriate prosecutorial remarks must be examined within the context of the trial to determine whether the prosecutor's behavior amounted to prejudicial error).

Next, Petitioner argues that his appellate counsel was ineffective for not raising a claim that the trial court's jury instructions were defective (Petition at 7e). He asserts that his appellate counsel failed to raise a claim that the trial court did not give proper instructions to the jury on evaluating arguments concerning witness credibility, in accordance with defense request. Contrary to Petitioner's assertion, however, the court gave appropriate jury instructions regarding the arguments of counsel and evaluating the testimony concerning Petitioner's lawsuit and

21

C.C.R.B. complaint. (Tr. 342- 345). The trial court instructed in part:

> Now, you are not obligated to accept any of the arguments made by these attorneys in their closing arguments. If you find that any of their arguments were reasonable, logical and consistent with the evidence as you remember it, then you are free to accept those arguments as your own. On the other hand, if you find that any of their arguments were not reasonable, not logical, not consistent with the evidence as you remember it, then you are free to reject those arguments entirely...If you determine that any of the witnesses has willfully testified falsely as to any material fact, then you may, if you wish, disregard the entire testimony of that witness or you may decide to accept parts of what a witness told you as being truthful and accurate and to reject other parts as not...

Viewed in their entirety, the jury instructions accurately conveyed to the jury the correct standards of law to apply. *See People v. Rabady*, 28 A.D.3d 794 (2d Dep't 2002) (in so far as the court's charge generally instructed the jury as to the standards by which it must evaluate the truthfulness of all witnesses and evidence, the charge as a whole adequately conveyed the correct legal standards the jury was to apply). Moreover, any error in omitting the particular language sought by defense counsel in that part of the charge would have been harmless on appeal, as the omission would not have prejudiced Petitioner. *See U.S. v. Jackson*, 196 F.3d 383, 384 (1999).

Thus, Petitioner's claim of ineffective assistance of appellate counsel is denied.

## VI. Application of *Strickland v. Washingon*

Petitioner claims in ground three of his petition that the state courts unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984). (Petition at 7f). To the extent that Petitioner's claims of ineffective assistance of trial and appellate counsel are exhausted, those claims are meritless because the state courts's rejection of Petitioner's claims was not contrary to, and did not involve unreasonable application of, Supreme Court precedent. It was not contrary to, or an unreasonable application of, Supreme Court precedent for the Appellate Division to invoke *Jones*

22

*v. Barnes*, 463 U.S. 745 (1983) in its opinion (*People v. Shankle*, 37 A.D. 3d 742 (2d Dep't 2007) deciding Petitioner's claim of ineffective assistance of appellate counsel. *Jones* held that defense counsel assigned to prosecute an appeal from a criminal conviction does not have a constitutional duty to raise every nonfrivolous issue requested by the Petitioner. *Jones* is still valid Supreme Court precedent addressing a state prisoner's claim of ineffective assistance of appellate counsel, thus Petitioner's claim in ground three of his petition does not warrant habeas relief.

**VII. Denial of Petitioner's Federal Constitutional Right to Equal Protection**

In ground four of his petition, Petitioner asserts an equal protection claim that is both unexhausted and procedurally defaulted. He claims that he was denied his right to equal protection for the following reasons: 1) the indictment was defective because evidence relating to the motor vehicle violated double jeopardy; 2) because the prosecution knowingly presented the perjured testimony of a witness; and 3) because the showup identification procedure was unduly suggestive. (Petition at 7g). Petitioner has not previously raised on direct appeal or in his state court motions a federal constitutional equal protection claim based on these grounds. He has indeed raised some of the underlying factual grounds in state court motions as grounds of ineffective assistance of trial and appellate counsel, however he has not raised these grounds as part of an equal protection claim. The grounds underlying the claims of ineffective assistance of trial or appellate counsel are distinct for exhaustion purposes from the equal protection claim. *See Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001), cert. denied, 534 U.S. 1031 (2001).

The equal protection claim Petitioner now raises is procedurally barred, because he could have, but failed to, raise it on direct appeal. *See* N.Y.Crim.Proc.Law § 440.10(2)(c) (barring

23

review if a claim could have been raised on direct review); *see also Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994); *Grey v. Hoke*, 933 F.2d 117, 120-21 (2d Cir. 1991). Petitioner's forfeiture in state court of his equal protection claim bars him from litigating the merits of those claims in federal habeas proceedings, absent a showing of cause for the procedural default and prejudice resulting therefrom. *Grey*, 933 F.2d 121 (citing *Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986) and *Wainwright v. Sykes*, 433 U.S. 72, 87-91, 97 S.Ct. 2497, 2506-2509, 53 L.Ed.2d 594 (1977)). Petitioner makes no showing of cause or of prejudice, therefore, his claim of equal protection violation does not warrant habeas relief.

## VIII.  Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* is denied in its entirety. A certificate of appealability shall not be issued because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).


SO ORDERED.


/ SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE


Dated: March 30, 2011


24

Brooklyn, New York

`